His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
We mention merely ad perpetuara rei memoriam that this litigation has been before the Courts in one shape or another some twelve years, i. e., since March 21st, 1904; not that it has any bearing on the merits of the case, but because on that account the papers relating thereto are scattered about in four different records of the Civil *145 District Court of Orleans, Nos. 73,017, 75,358, 94,771 and 100,554, and in two of this Court, Nos. 5539 and 6496; by reason whereof the issues now before the Court appear more confused than they really are and the evidence on which their determination depends must be culled out from these various files.
The suit is a petitory action. As plaintiff must therefore recover wholly on the strength of its own title, we shall confine ourselves solely to an inquiry into the validity of that title, without concerning ourselves about the title of defendant.
On January 21st, 1851, by an act before Antoine Abat, notary, (C. 0. Bk, 52 fol. 361) James Conner acquired from Michael Neary lot No. 9, in the square bounded by Clio, Johnson, Calliope and Prieur Streets, measuring 32 feet front on Prieur Street, by 120 feet in depth.
Conner never alienated the property, but after his death his daug’hter and sole heir, Mrs. Margaret Conner, wife of William Dowling, sold the property to defendant by an act under private signature acknowledged but not dated though apparently executed before July, 1906; which sale was registered in the conveyance office, October 26th, 1910 (Book 235, folio 415).
Prior to 1880, therefore, James Conner was the record owner of the property; but whether James Conner was ■dead or alive in 1880 does not appear from the record; nor does his age appear therefrom; so that there is no presumption that he was then dead, the presumption being, on the contrary, that the was then alive.
For the year 1876 the property was assessed “Jas K. Connor, square 505, dimensions 32x120, boundaries Prieur, Johnson, Clio and Calliope.” And the taxes of that year not having been paid the delinquent roll was *146 filed both in the Mortgage Office and in the Conveyance Office.
As the description contained in the roll is perfect, and as this is supplemented (if any supplement were needed) by proof that James Conner owned no other property in that square, and that no other property owner in the square had a name at all resembling his, it follows that the filing of the delinquent roll as above stated forfeited the property to the State under the Act of 1871, No. 42, Sec. 68, p. 122, unless the name in which the property was assessed was so incorrect as'to be misleading. And under that act it was sufficient if the assessment was made by a description which would identify the property.
In re Aztec Land Co., 2 Court of Appeal, 315; Surget vs. Newman, 43 An., 873.
We think that a slight error in the spelling of the name having no appreciable influence on the pronunciation thereof is immaterial. Conner and Connor are idem sonans.
Adding the initial letter of a middle name was also immaterial. Tibe sole purpose of a name is to describe and identify the person. And James Conner could not fail to recognize his own name when affixed to his own property, even with the unauthorized addition of a middle initial.
We are of opinion that the forfeiture to the State was valid and complete.
Plaintiff bought from the Aztec Land Co. and the Aztec Land Co. acquired from the State Auditor, February 8th, 1904.
In this deed the property is described as a lot in “square 505, bounded by Prieur, Euphrosine, Johnson and Calliope, measuring 32 feet front on Prieur Street by *147 120 feet in depth.” It is further declared that the property was .acquired by the State as the property of “Jas. K. O’Connor.”
Opinion and decree, February 14th, 1915.
But it is shown that square 505 is actually bounded by Clio Street (as correctly given on the delinquent roll for 1876, above mentioned) and not by Euphrosine Street, the error in the auditor’s deed being .attributable to a like error in a subsequent assessment roll. It is also shown that James 'Conner owned no property except in the square 505 bounded by Clio, and that “James K. O’Con-nor” owned no property either in square bounded by Clio or in that bounded by Euphrosine.
So that the State having 'acquired by forfeiture the property of James Conner in square 505 and no other, the sale by the auditor to the Aztec Land Company of property in square 505, likewise covered that same property and no other, the error in boundaries notwithstanding.
Certainly the State itself could not be heard to urge the •contrary. And defendant who is without interest since the property belonged to the State by virtue of the forfeiture, cannot set up alleged irregularities which the State itself could not.
In re Axtec Land Co., 2 Court of Appeal, 315.
The judgment appealed from appears to us correct.
Judgment affirmed.